PER CURIAM.
This appeal is from a final order granting summary judgment and rejecting the affirmative defense of adverse possession in an action to quiet title and recover possession of real property. We reverse and remand for a trial.
In August 1979 St. Regis Paper Company bought sixty-eight parcels of land. St. Regis recorded the deeds. Champion International Corporation is the successor by merger to St. Regis. In 1986 Champion attempted to survey parcel number forty-two. The surveyors were told by Lonzie Altman that his family owned the land. Lonzie told the surveyors to get off the land; they did.
There are basically three plots of land involved in this case. A forty acre plot belonged to Hardy Altman. It was given to his son Admiral, whose wife was Carrie. Admiral bought fifteen adjacent acres on the west boundary of the forty acres. These two plots were eventually divided between a few of Admiral and Carrie’s thirteen children. The land in dispute is an area approximately thirty-three acres in size, and it runs along the northern boundary of both the forty acre and fifteen acre plots.
On December 13, 1988, Champion filed an amended complaint to quiet title to the land in dispute. The defendants are the heirs and descendants of W. Hardy Altman and A.D. Altman — both deceased — and the spouses of the heirs and descendants.
The Altmans answered, and adverse possession was among their affirmative defenses. Champion filed a motion for summary judgment. Champion argued the Alt-mans do not have color of title, and because they have not paid taxes, they must — but cannot — show they were in open, notorious and hostile possession of the land for an uninterrupted period of seven years prior to June 5, 1939, after which the payment of taxes was required as an element of adverse possession without color of title. The Altmans had not paid taxes on the land in dispute. At a hearing on the motion for summary final judgment, counsel for the Altmans conceded that “they do have to establish their title by adverse possession prior to June 5th of 1939.”
The trial court granted Champion’s motion for summary final judgment without explanation. We reverse.
The Altmans do not claim to adversely possess under color of title, which occurs “[w]hen the occupant, or those under whom he claims, entered into possession of real property under a claim of title exclusive of any other right, founding the claim on a written instrument as being a conveyance of the property, or on a decree or judgment_” Section 95.16, Florida Statutes (1989).
The 1939 legislature added to what is now section 95.18(1) a provision which required that an adverse possessor without color of title must file a tax return and pay the annual taxes on the property during the term of possession. Ch. 19254, Laws of Florida (1939). A 1974 amendment to the statute eliminated the requirement that taxes be paid annually. Ch. 74-382, § 13, Laws of Florida. Section 95.18(1) now provides that the person claiming adverse possession must have “subsequently paid all the taxes and matured installments of special improvement liens levied against the property the state, county, and municipality.”
Therefore, the parties correctly framed the issue before the trial court as whether the Altmans had actual, hostile, open, notorious, visible, exclusive and continuous possession of the land in dispute for any seven *10 year period prior to June 5, 1939. Without color of title, “property shall be deemed to be possessed in the following cases only: (a) When it has been protected by substantial enclosure, (b) When it has been usually cultivated or improved.” Section 95.18(2), Florida Statutes (1989).
The record on appeal contains the affidavits of Lonzie Altman, who is Hardy Altman’s grandson, and Wassie Fish, a neighbor who was born in 1924. Lonzie Altman states that the land in dispute was cultivated by his family from 1932 to 1939 and earlier. Wassie Fish’s affidavit supports that statement. Carrie Altman testified by deposition that she married Admiral in 1922, and the fence which encloses the land in dispute was erected “after we was married for awhile.” Bertha Mae Harris’ sworn statement supports Carrie’s testimony. Bertha, who was also a neighbor of the Altmans, stated she was born in 1912, and she remembers that the Altmans farmed inside the fenced land when she was about thirteen years old. These statements create material issues of disputed fact as to whether the Altmans cultivated the land for a seven year period prior to June 5, 1939.
The presumption of correctness of a summary final judgment must be tempered by — and balanced with — the requirement that every possible inference be viewed in favor of the nonmoving party. The “moving party must show conclusively the absence of any genuine issue of material fact.” Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987). Summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. Moore v. Morris, 475 So.2d 666 (Fla.1985). Accordingly, we reverse and remand for a trial.
REVERSED and REMANDED.
SMITH, SHIVERS and KAHN, JJ., concur.